PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 05/2015)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
### LUBBOCK DIVISION

JOHN GABRIEL RIOS #171092 and #11061

Plaintiff's Name and ID Number

Lubbock county sheriff's office / Detention Center

Place of Confinement and Lynn county sheriff's office

CASE NO. 5:24-CV-010-H

(Clerk will assign the number)

v. Sam R. Cummings
1205 Texas Avenue
Lubbock, TX 79401

Defendant's Name and Address

D. Gordont Bryant Jr.
1205 Texas Avenue
Lubbock, TX 79401

Defendant's Name and Address

_____

Defendant's Name and Address
( DO NOT USE "ET AL.")

## INSTRUCTIONS - READ CAREFULLY

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be legibly handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACK SIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.



1

**FILING FEE AND *IN FORMA PAUPERIS* (IFP)**

1.  In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $50.00 for a total fee of **$400.00.**

2.  If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at your prison unit.

3.  The Prison Litigation Reform Act of 1995 (PLRA) provides "... if a prisoner brings a civil action or files an appeal *in forma pauperis,* the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or an initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from your inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $50.00 administrative fee does not apply to cases proceeding *in forma pauperis*.)

4.  If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

**CHANGE OF ADDRESS**

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motion for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I. **PREVIOUS LAWSUITS:**

    A. Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? ✓ YES ___ NO

    B. If your answer to "A" is "yes," describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

        1. Approximate date of filing lawsuit: Oct. 11th 2022 | signed 12/24/2022 | May filed 24th 2023 | Nov. 7th 2023

        2. Parties to previous lawsuit:

        Plaintiff(s) Rios | Rios | Rios | Rios

        Defendant(s) State of Texas, et.al. | Lynn County | Lubbock county | Rowe, et al.

        3. Court: (If federal, name the district; if state, name the county.) sheriff's office | sheriff's office et.al. | Northern | Lubbock

        4. Cause number: 5:22-cv-00266-C | 5:22-cv-00318 | 5:23-cv-00109 | 5:23-cv-00271

        5. Name of judge to whom case was assigned: Cummings | Bryant | Bryant | Cummings

        6. Disposition: (Was the case dismissed, appealed, still pending?) Closed | Pending | Pending | Pending

        7. Approximate date of disposition: December 18th 2023 | Pending | Pending | Pending

⑤

I. Previous Law suits

| | | | |
|---|---|---|---|
| 1 | ✓ yes<br>Dec. 18th<br>2023 | ✓ yes<br>Dec. 19th<br>2023 | ✓ yes<br>Dec. 21st<br>2023 |
| 2 | Rios v.<br>B. Meyer, et. al. | Rios v.<br>M. Rosas, et. al. | Rios v.<br>P. Miller, et. al. |
| 3 | Northern<br>Lubbock | Northern<br>Lubbock | Northern<br>Lubbock |
| 4 | 5:23-cv-00302 | 5:23-cv-00303 | 5:23-cv-00306 |
| 5 | Cummings | Cummings | Cummings |
| 6 | Pending | Pending | Pending |
| 7 | Pending | Pending | Pending |

(Page 2 A)

⑥

# Scurry County Inmate Grievance

**Inmate Name:** _____    **Date:** _____

**Grounds for this grievance. (must choose at least one)**

_____ Violation of rights
_____ Criminal act
_____ Unjust denial or restriction of Inmate privileges
_____ Prohibited act by Staff

I wish to file a grievance. I certify that my statement is true and correct to the best of my knowledge. I understand any false statement will result in disciplinary action against me.

_____
_____
_____
_____
_____
_____
_____
_____

Inmate Signature: _____
...................................................................................................................................

**(For Staff Only)**

# Grievance Disposition

Date received: _____    Date answered: _____
**Outcome of the Grievance:**

_____
_____
_____
_____
_____
_____
_____
_____

Grievance Officer: _____

II.    PLACE OF PRESENT CONFINEMENT: Lubbock county sheriff's office/Detention center

III.   EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure?          ___YES   ✓NO

Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

IV.    PARTIES TO THIS SUIT:

A.  Name and address of plaintiff: John Gabriel Rios #111092        John Gabriel Rios #11061
      3502 North Holly Avenue                810 Lockwood St
      Lubbock, TX 79403                      Tahoka, TX 79373
      mailing: P.O. Box 10535
      Lubbock, TX 79408

B.  Full name of each defendant, his official position, his place of employment, and his full mailing address.

Defendant #1: Sam R. Cummings; senior Judge; United States District court, Northern District of Texas, Lubbock Division; 1201 Texas Avenue, Room 209 Lubbock, TX 79401

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
U.S.C.A. XIV, 18 USC § 2384, U.S.C.A. VIII, 18 U.S.C. § 2381, U.S.C.A. I, 18 U.S.C. § 1622

Defendant #2: D. Gordant Bryant Jr.; Magistrate Judge; United States District court, Northern District of Texas, Lubbock Division; 1201 Texas Avenue, Room 209 Lubbock, TX 79401

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
U.S.C.A. XIV, 18 U.S.C. § 2384, USCA. VIII, 18 U.S.C. § 2381, U.S.C.A. I, 18 U.S.C. § 1622

Defendant #3: _____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

_____

Defendant #4: _____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

_____

Defendant #5: _____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

_____

3

V.    STATEMENT OF CLAIM: U.S.C.A. XIV section 1., 18 U.S.C. 3 2384    (Claim 1 of 3)

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved.  Describe how each defendant is involved.  You need not give any legal arguments or cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely.  IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT. (claim 1.) Report and Recommendation II. Discussion B. denied the equal Protection of relief in law, having submitted both forms of Penalties in criminal statues as A Prisoner seeking just relief in the united states. Even as A Prisoner John Gabriel Rios is A natural born united states citizen from Lubbock Texas. Criminal statues have been used on civilians for both forms of Penalties, to say civilians can only be allowed monetary relief when using criminal statues in the civil matters, is the violation to our right of equal Protection of law. It happened in Rios v. State of Texas et.al. cause number 5:22-CV-00266-BQ Document Number 35. When, september 29th 2023 at 11:50 a.m. When D. Gordant Bryant Jr. Magistrate Judge, "Report and Recommendation II," Recommendation (5) denied the equal Protection of law, having knowledge of criminal statues in violation and stay the civil process. Recommendation was to close the civil matters and allow the violations to the criminal statues to continue until Defendants gave, IAP A unlawful Process. As A Prisoner seeking just relief in the united states, united states agreed the criminal statues existed in the civil matter and denied A citizen the Protection of law by closing the case. Where was in Rios v. State of Texas, et al. cause number 5:22-CV-00266-BQ Document Number 35. When, september 29th 2023 at 11:50 a.m. When D. Gordant Bryant Jr. Magistrate Judge, "Order Adopting Report And Recommendation of The United States Magistrate Judge," adopts. Recommendation of D. Gordant Bryant Jr. Magistrate Judge, Where, Rios v. State of Texas, et.al, cause number 5:22-CV-00266-C, Document 40, 41, When, December 18th 2023 at 11:80- 11:84 PM, When Sam R. Cummings District Judge. Two opposed by force the authority of the united states Government and the united states constitution. Seditious conspiracy and citizenship rights not to be abridged are in violation, Where, Rios V. State of Texas et.al, cause number 5:22-CV-00266-C Document 40, When, December 18th 2023 at 11:80 AM. Who, Sam R. Cummings District Judge & D. Gordant Bryant Jr. Magistrate Judge.

VI.    RELIEF:

State briefly exactly what you want the court to do for you.   Make no legal arguments.  Cite no cases or statutes. Court cost Paid, Pro-se fee of 40% of all money awards, slavery enforced, all money awards.
(claim 1.) Politically correct to the equal Protection of the laws in violation, with the available use of laws by civil process.
(claim 1.) Politically correct to the equal Protection of the laws in violation, with due Process in depriving persons in violation of civil authority.
(claim 1.) Politically correct to the equal Protection of the laws in violation, available use, due Process in civil authority when depriving persons in violation of united states laws of crime.
(claim 1.) Both slavery and money awards - 20 years and given value by united states times Milli seconds times two for time.

VII.   GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases.
John Gabriel Rios; Pro-se Representative; Pro-se Rep.; foreign runner; running slave; running around; slaving around; ENSLAVED AGAIN.; son of satan; son of satin; son of sin;

B. List all TDCJ-CID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.
#17109; #11061; #25529; #10660; #15680; #747007 DD8; #1898262

VIII.  SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed?  ✓ YES ___ NO

B. If your answer is "yes," give the following  information for every lawsuit in which sanctions  were imposed. (If more than one, use another piece of paper and answer the same questions.)

  1.  Court that imposed sanctions (if federal, give the district and division): Northern Lubbock

  2.  Case number: 5:21-CV-00058-H

  3.  Approximate date sanctions were imposed: 7-28-2022

  4.  Have the sanctions been lifted or otherwise satisfied?    ✓ YES ___ NO

(8)

V. STATEMENT OF CLAIM: U.S.C.A. VII., 18 U.S.C. §2381  (claim 2 of 3)

(claim 2.) Cruelty by closing a civil matter that allowed the continued violations to false arrest, unlawful detention, and conspiracy. Knowing inflicted punishment is unlawful by process. Where, Rios v. State of Texas, et. al., cause number 5:22-cv-00266 Documents 35, 40, 41. When, September 29th 2023 at 11:50 A.m - December 18th 2023 At 1:54 P.m. continued. Who, Sam R. Cummings District Judge and D. Gordant Bryant Jr. Magistrate Judge. Two United States Judges did give aid and comfort to continue a unlawful process knowing of false arrest, unlawful detention, and conspiracy in the United States. Having committed Treason in the United States by voluntary cruel acts. Was assisted in the United States. Where, Rios V. State of Texas, et. al., cause number 5:22-cv-00266 Documents 35, 40, 41. When, September 29th 2023 at 11:50 A.m. – December 18th 2023 at 1:54 p.m. continued. Who, Sam R. Cummings District Judge and D. Gordant Bryant Jr., Magistrate Judge.

VI. RELIEF:

Court cost paid, pro-se fee 40% of money awards, slavery enforced, all money awards. (claim 2.) Inflict all requested damages on Voluntary traitorous acts, cruel punishment. (claim 2.) Both, slavery and money awards - 5 years and $10 000 Fine.

(9)

# INMATE GRIEVANCE

TO: GRIEVANCE OFFICER

FROM: _____          _____
              Name of inmate                              Cell and/or Cell Block Number

       _____          _____
              Date Filed                                     Date Confined

SIR:

I WISH TO FILE A GRIEVANCE. I CERTIFY THAT MY STATEMENT IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.

### STATEMENT

(Please print or write legibly. Include all dates, times, and names of persons involved, including witnesses if necessary.)

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

                                        _____
                                                Your Signature

Seal this completed form in an envelope and it will be delivered unopened, to the grievance officer the same day or the next normal workday.

V.    STATEMENT OF CLAIM: U.S.C.A.I., 18 U.S.C. § 1622    (claim 3 of 3)

(claim 3.) John Gabriel Rios did peacably petition the United States District court for slavery and money awards. found in United States Code title 18 crimes and criminal procedure. Unable to rewrite congress John Gabriel Rios was given relief by statues having "shall" with limited relief. Limited relief has also been denied on the foundation of being civil authority and constitution not giving right, to the statues of federal crimes. United States constitution gives citizens equal protection of law in our jurisdiction and it does not say we can not use criminal statues and only money forms of relief. For that reason, I am allowed to enslave my defendants when obtaining A Federal crime conviction and requesting imprisonment, slavery, cruel punishment, as well as money awards, fines, any other relief A statue may hold. Where, Rios v. State of Texas, et.al, cause number 5:22-cv-00266 Document 35, 40, 41. when, September 29th 2023 at 11:50 a.m., December 18th 2023 at 1:50 P.M., December 18th 2023 at 1:54 P.M. Who, D. Gordant Bryant Magistrate Judge, Sam R. Cummings District Judge. In John Gabriel Rios right to petition with federal statues of crime. Two Judges did obtain the act of subornation of perjury by denying statues of federal crimes presented in my petition have slavery relief. Where, Rios v. State of Texas, et.al, cause number 5:22-cv-00266 Document 35, 40, 41. When 9/29/2023 at 11:50 Am. continued. Who, D. Gordant Bryant, Sam R. Cummings.

VI.    RELIEF:
Court cost paid, pro-se fee of 40% of all money awards, slavery enforced, all money awards. (claim 3.) politically correct to the use of slavery relief with civil suits naming statues of federal crimes.
(claim 3.) Both, slavery and money awards - 5 years and given value by United States times milliseconds times two.

INMATE GRIEVANCE

TO: GRIEVANCE OFFICER

FROM: _____

_____
Name of inmate

_____
Cell and/or Cell Block Number

_____
Date Filed

_____
Date Confined

SIR:

I WISH TO FILE A GRIEVANCE. I CERTIFY THAT MY STATEMENT IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.

_____ STATEMENT _____

(Please print or write legibly. Include all dates, times, and names of persons involved, including witnesses if necessary.)

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____
Your Signature

Seal this completed form in an envelope and it will be delivered unopened, to the grievance officer the same day or the next normal workday.

John Gabriel Rios #11061
Lynn County Jail
810 Lockwood Street
Tahoka, TX 79373

------------------------------------------------------

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| JOHN GABRIEL RIOS,<br>Institutional ID No. 11061 | §<br>§<br>§ | |
| Plaintiff, | §<br>§ | |
| | § | CIVIL ACTION NO. 5:22-CV-266-BQ |
| v. | §<br>§ | |
| STATE OF TEXAS, *et al.*, | §<br>§ | |
| Defendants. | §<br>§ | |

## REPORT AND RECOMMENDATION

Proceeding pro se and *in forma pauperis*, Plaintiff John Gabriel Rios filed this action under 42 U.S.C. § 1983, claiming violations of his constitutional rights based on a September 3, 2022 arrest and subsequent detention. Compl. 5, ECF No. 1.[1] The United States District Judge transferred this case to the undersigned United States Magistrate Judge for further proceedings. ECF No. 17. The undersigned thereafter reviewed Rios's Complaint, as well as authenticated records from Lynn County, and ordered Rios to complete a questionnaire pursuant to *Watson v. Ault*, 525 F.2d 886, 892–93 (5th Cir. 1976). ECF No. 23. Rios completed and returned the questionnaire. ECF No. 32.

Not all parties have consented to proceed before the undersigned magistrate judge. In accordance with the order of transfer, the undersigned makes the following findings and conclusions and recommends that the district judge dismiss all of Rios's claims, except those for false arrest, unlawful detention, and conspiracy. As to Rios's false arrest, unlawful detention, and

---

[1] Page citations to Rios's Complaint refer to the electronic page number assigned by the Court's electronic filing system.

conspiracy claims, the undersigned recommends that the district judge stay and administratively close those claims until Rios's state criminal charges are resolved.

## I.    Standard of Review

A court must dismiss a complaint filed *in forma pauperis* by a prisoner against a government entity or employee if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (2017); *see also* § 1915A(b) (applying section to any suit by a prisoner against certain governmental entities, regardless of whether the prisoner is proceeding *in forma pauperis*). A frivolous complaint lacks any arguable basis, either in fact or in law, for the wrong alleged. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint has no arguable basis in fact if it rests upon clearly fanciful or baseless factual contentions, and similarly lacks an arguable basis in law if it embraces indisputably meritless legal theories. *See id.* at 327; *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005) (per curiam). When analyzing a prisoner's complaint, the court may consider reliable evidence such as the plaintiff's allegations, responses to a questionnaire, and authenticated prison records. *See Wilson v. Barrientos*, 926 F.2d 480, 483–84 (5th Cir. 1991); *see also Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (explaining that responses to a questionnaire or testimony given during an evidentiary hearing are incorporated into the plaintiff's pleadings); *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995) (per curiam) (holding that courts may dismiss prisoners' *in forma pauperis* claims as frivolous based on "medical and other prison records if they are adequately identified or authenticated" (internal quotation marks omitted)).

In evaluating the sufficiency of a complaint, courts accept well-pleaded factual allegations as true, but do not credit conclusory allegations or assertions that merely restate the legal elements



2

of a claim. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (per curiam). And while courts hold pro se plaintiffs to a more lenient standard than lawyers when analyzing complaints, such plaintiffs must nevertheless plead factual allegations that raise the right to relief above a speculative level. *Id.* (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)).

## II.    Discussion

### A. Rios's Allegations and the Authenticated Records

Rios asserts claims against the following Defendants: (1) State of Texas; (2) Lynn County Sheriff's Office (LCSO); (3) LCSO Officer Joshua Rocha; (4) LCSO Officer Katrina White, Lynn County Jail Administrator; (5) LCSO Sheriff Wanda Mason; (6) LCSO Officer J. Harrison, jailor; (7) LCSO Officer Fernando Portillo, jailor; (8) LCSO Lt. Alvarez; (9) LCSO Officer Aaron Vasquez, jailor; (10) LCSO Officer Ann Barrientez, jailor; and (11) LCSO Officer Alvarez, jailor. Compl. 3–4.

Rios alleges that on September 3, 2022, Officer Rocha falsely arrested him. *Id.* at 5; Questionnaire 1, ECF No. 32. According to Rios, Officer Rocha "did not have a warrant" to arrest him, nor did Rocha "go to the district court and file a complaint with the clerk . . . before . . . taking [Rios] into custody." Questionnaire 1. Officer Rocha allegedly transported Rios to the Lynn County Jail (Jail), where Officers Rocha, Barrientez, Vasquez, Portillo, Harrison, and Alvarez, as well as Lt. Alvarez, Administrator White, and Sheriff Mason, falsely detained Rios and subjected him to unlawful conditions of confinement.[2] Compl. 6–8; Questionnaire 3, 5–7.

---

[2] The Court specifically asked Rios to affirm whether he was alleging any other claim against Officer Rocha, other than the false arrest claim. Questionnaire 3. Rios confirmed that he asserts "a false imprisonment" claim, as well as allegations raised in other actions. *Id.*

Rios further contends that all Defendants conspired to violate his constitutional rights. Questionnaire 12–13; *see* Compl. 3. Rios asserts that the State of Texas, LCSO, and Sheriff Mason are responsible for the foregoing constitutional violations under a theory of vicarious liability. *See* Questionnaire 9–12; *see* Compl. 3.

Rios seeks monetary damages, "exonerations of all claims of interest tangible or intangible," "complete dissolution of the State of Texas government organization," and "20 years for all known committing the violation." Compl. 5–8.

**B. Some relief sought by Rios—exoneration and filing criminal charges against Defendants—is unavailable in this § 1983 action.**

To the extent Rios asks this Court to dismiss the pending state criminal charges against him or to otherwise exonerate him (*id.* at 6), he must pursue such relief through a petition for a writ of habeas corpus.[3] *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973); *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) (providing that a habeas petition "is the proper vehicle to seek release from custody"); *Newman v. Reed*, No. 3:18-CV-2679-N-BH, 2019 WL 652963, at *1–2 (N.D. Tex. Jan. 10, 2019) (recognizing plaintiff failed to state a claim upon which relief could be granted in seeking dismissal of his state criminal case under § 1983, explaining that plaintiff could "only obtain declaratory or monetary relief in [a] § 1983 action"), *R. & R. adopted by* 2019 WL 652471 (N.D. Tex. Feb. 15, 2019).

Rios also possesses no right to have someone criminally prosecuted, and he cannot enforce criminal statutes through a civil request for relief.[4] *See, e.g.*, *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990) (stating that there is no "constitutional right to have someone criminally

---

[3] The Court does not construe Rios's request as a habeas petition because he clearly filed this action under § 1983. *See* Compl. 1–8.

[4] For this reason, any purported claims based on violations of the Texas Penal Code or federal criminal statutes are frivolous and should be dismissed. *See id.* at 3–4; Questionnaire 11.

prosecuted"); *Florance v. Buchmeyer*, 500 F. Supp. 2d 618, 626 (N.D. Tex. 2007) ("Simply, a private citizen cannot enforce criminal statutes in a civil action.").

The undersigned therefore recommends the district judge dismiss the foregoing claims for relief. Thus, the only potentially viable relief Rios seeks is monetary damages.[5]  Compl. 5–8.

### C. The Lynn County Sheriff's Office lacks the capacity to be sued.

Rios names LCSO as a Defendant. *Id.* at 1; Questionnaire 9. Because LCSO is a non-jural entity, Rios cannot state a cognizable claim against it. *Jural - relating to the law*

"Federal courts in Texas have uniformly held that entities without a separate jural existence are not subject to suit." *Torti v. Hughes*, No. 3:07-CV-1476-M, 2007 WL 4403983, at *2 (N.D. Tex. Dec. 17, 2007) (citing cases for support); *see Jacobs v. Port Neches Police Dep't*, 915 F. Supp. 842, 844 (E.D. Tex. 1996) (quoting *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991)) ("In Texas, county sheriff's and police departments generally are not legal entities capable of being sued, absent express action by the superior corporation (the county, in the case of the sheriff's department) 'to grant the servient agency with jural authority.'"). Rios has not pleaded any facts demonstrating a grant of jural authority to LCSO. Questionnaire 10. On this basis alone, the district judge should dismiss LCSO. *See, e.g., Mitchell v. Denton Cnty. Sheriff's Office*, No. 4:18-CV-00343-RAS-CAN, 2021 WL 4025800, at *6–7 (E.D. Tex. Aug. 6, 2021) (concluding Denton County Sheriff's Office, a non-jural entity, should be dismissed, where plaintiff "ha[d] not alleged that the [it] ha[d] been granted the power to sue or be sued"), *R. & R. adopted by* 2021 WL 3931116 (E.D. Tex. Sept. 1, 2021); *Rambo v. Valdez*, No. 3:16-CV-002-O, 2016 WL 4398969, at

---

[5] Rios also seeks injunctive relief in the form of dissolving the Texas government. Compl. 5–8. During Texas's storied history, six flags have flown over its "Empire wide and glorious." William J. Marsh & Gladys Yoakum Wright, *Texas, Our Texas* (1924). Rios cites no authority supporting the proposition this Court can order dissolution of Texas's current government. For this reason, among others, the Court declines the invitation and thereby obviates the need for possibly adding a seventh.

*2 (N.D. Tex. May 6, 2016) (recommending dismissal of non-jural entities, including the Dallas County Sheriff's Office).

In addition, the Court observes that LCSO cannot be liable for the actions of its employees, e.g., those working in the department, because 42 U.S.C. § 1983 does not impose vicarious liability. *Bigford v. Taylor*, 834 F.2d 1213, 1220 (5th Cir. 1988). The undersigned therefore recommends the district judge dismiss as frivolous and with prejudice any claim against LCSO.

### D. The State of Texas enjoys sovereign immunity.

Section 1983 provides for liability against any *person* who, acting under color of law, deprives an individual of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983 (2017). Neither states nor state agencies are "persons" against whom a § 1983 claim can be asserted. *Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989)); *see Will*, 491 U.S. at 65–66 ("Our conclusion that a State is not a 'person' within the meaning of § 1983 is reinforced by Congress' purpose in enacting the statute."). As such, the State of Texas is not a proper Defendant in this § 1983 action. Further, the doctrine of sovereign immunity bars Rios's claims against the State of Texas, "regardless of whether [he] seeks damages or injunctive relief." *Gutierrez v. State of Texas*, No. 3:16-CV-310-B, 2016 WL 3681414, at *2 (N.D. Tex. May 11, 2016) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101–02 (1984)), *R. & R. adopted by* 2016 WL 3676586 (N.D. Tex. July 6, 2016); *see Cox v. Texas*, 354 F. App'x 901, 902 (5th Cir. 2009) (per curiam) ("Eleventh Amendment immunity applies to all suits brought against States and their agencies . . . regardless of the relief sought." (internal quotation marks and citation omitted)); *Jennings v. Abbott*, 538 F. Supp. 3d 682, 691 (N.D. Tex. 2021) ("The State of Texas has not waived its sovereign immunity from section 1983 claims.").

Accordingly, Rios's § 1983 claims against the State of Texas should be dismissed. *See Swisher v. Tex. Workers*, Nos. 93-2388, 93-02591, 93-2655, 1994 WL 733517, at *1 (5th Cir. Dec. 30, 1994) (per curiam) (affirming district court's dismissal of the State of Texas as a defendant and noting that Texas "is not a 'person' that can be liable under § 1983").

### E.  The district judge should stay Rios's false arrest, unlawful detention, and conspiracy claims pending resolution of his state criminal charges.

Rios contends that Officer Rocha falsely arrested him on September 3, 2022. Compl. 5; Questionnaire 1–2. Although unclear, Rios appears to allege that the arrest was unlawful because Officer Rocha (1) "did not have a warrant for [Rios] describing as near as possible," (2) did not "file a complaint with the clerk," and (3) had no "record for a conviction" for which Rios was to serve jail time. Questionnaire 1. Rios alleges that Officer Rocha transported him to the Jail, where Officers Rocha, Barrientez, Vasquez, Portillo, Harrison, and Alvarez, as well as Lt. Alvarez, Administrator White, and Sheriff Mason falsely detained him. Compl. 3–4, 6–8; Questionnaire 5, 7. Finally, Rios asserts that Defendants conspired to violate his constitutional rights by continuing to prosecute him and "assisting [Officer] Rocha in the false imprisonment." Questionnaire 12–13.

Rios acknowledges, and the authenticated records confirm, that as a result of the September 3 arrest, he was charged with, *inter alia*, possession of a controlled substance.[6] *Id.* at 2; *see* Compl. 10. Rios appeared before a state court magistrate judge the same day, who set bail at $5,000 on that charge. Questionnaire 2; Compl. 10, 17.

In *Heck v. Humphrey*, the United States Supreme Court held that a plaintiff seeking to recover damages for harm "caused by actions whose unlawfulness would render a conviction or sentence invalid" must first prove that "the conviction or sentence has been reversed on direct

---

[6] Officer Rocha also arrested him for resisting arrest, search, or transport and interference with public duties. Questionnaire 2. According to Rios, those two charges are "not being continued." *Id.*

appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. 477, 486–87 (1994). Where a favorable judgment in the civil-rights action would "necessarily imply the invalidity of [a prisoner's] conviction or sentence" in his criminal case, the civil claim is barred unless the criminal conviction has been reversed or otherwise declared invalid. *Id.* at 487; *see also DeLeon v. City of Corpus Christi*, 488 F.3d 649, 652 (5th Cir. 2007) ("When a plaintiff alleges tort claims against his arresting officers, the district court must first consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his *conviction or sentence*" and if it does, "the claim is barred." (internal quotation marks and citation omitted)).

Generally, *Heck* does not apply to pending criminal charges. *See Wallace v. Kato*, 549 U.S. 384, 393–94 (2007); *DeLeon*, 488 F.3d at 655. Still, where *Heck* has possible future application, the court should stay the civil-rights action pending the outcome of the criminal case. *Wallace*, 549 U.S. at 393–94 ("If a plaintiff files a false-arrest claim before he has been convicted . . . it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case . . . is ended."); *see Busick v. City of Madison*, 90 F. App'x 713, 713–14 (5th Cir. 2004) (per curiam) (finding that the lower court should have stayed plaintiff's § 1983 claims pending resolution of his criminal proceedings because it was impossible to determine whether the civil claims necessarily implicated the validity of any conviction or sentence the plaintiff might receive); *see also Boyd v. Farrin*, 575 F. App'x 517, 519 (5th Cir. 2014) (per curiam) (providing that although the *Younger* abstention doctrine does not apply to claims for monetary damages, "the proper course of action is for a district court to stay the claims for damages pending the outcome of the state proceedings, such that they can move forward without interference"). This is because "until the pending criminal case has run its course, . . . it may be

8

difficult to determine the relation, if any, between the" § 1983 claim and the criminal charge. *Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995) (per curiam) (stating that if it is "premature to determine whether or not [plaintiff's] damages claims are barred under *Heck*," "[t]he court may—indeed should—stay proceedings in the section 1983 case until" conclusion of the criminal proceedings).

Rios's false arrest, unlawful detention, and conspiracy claims "relate to rulings that will likely be made" in his pending criminal case (*Wallace*, 549 U.S. at 393), resulting in such claims potentially being *Heck*-barred. *See, e.g.*, *Profit v. Ouachita Par.*, 411 F. App'x 708, 708–09 (5th Cir. 2011) (per curiam) (approving district court's stay of plaintiff's § 1983 claims attacking the "the legality of [his] . . . arrest, prosecution, and detention" "until the alleged improper state criminal prosecution was concluded"); *Diaz v. Ellis Cnty. Jail*, No. 3:23-CV-402-E-BK, 2023 WL 3395129, at *2 (N.D. Tex. Apr. 4, 2023) (recommending the district judge stay plaintiff's "claims that [d]efendants allegedly falsely arrested him and t[a]mpered with the evidence" until state criminal proceedings resolve), *R. & R. adopted by* 2023 WL 3400522 (N.D. Tex. May 11, 2023); *Hunter v. Watkins*, No. 3:14–CV–1894–B–BH, 2015 WL 505430, at *4 (N.D. Tex. Jan. 22, 2015) (providing that plaintiff's allegation that officer "prepared a false police document in order to have him arrested and engaged in a conspiracy to file a false criminal case against him" must be stayed pending the outcome of state criminal proceedings against plaintiff), *R. & R. adopted by* 2015 WL 509360 (N.D. Tex. Feb. 6, 2015). The undersigned therefore recommends that the district judge stay Rios's false arrest, unlawful detention, and conspiracy claims until the state criminal charges are resolved.



9

**F. Rios has not pleaded adequate facts showing that Defendants housed him in unconstitutional conditions of confinement.**

Rios asserts that Defendants "subject[ed] [him] to bodily injury through living conditions" while at the Jail between September 3 and December 11, 2022. Compl. 6; Questionnaire 6–7. The Court asked Rios to "[s]pecifically describe the living conditions that alleged[ly] caused [him] bodily injury," but Rios provided no facts in support. Questionnaire 7. Instead, he stated:

> I was disabled as a person subject to the discretion of Lynn County Sheriff's Office employee's rules, policies, meal plan, hygiene, foreign bank account, phone system, commissary, camera system, protected computers, weapons used to keep me restrained. I was not innocent until proven guilty I was serving a sentence for a crime that had no conviction. I was taken away from my family, subject to the life of pain and suffering trying to cure a sickness that was not found, subject to the mental knowledge of it all at the moment and then having to endure the mutation of the living conditions.

*Id.* (brackets omitted).

The Constitution "prohibits the imposition of conditions of confinement on pretrial detainees that constitute 'punishment.'" *Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996) (quoting *Bell v. Wolfish*, 441 US. 520, 535 (1979)). Where the challenged "restriction or condition is not reasonably related" "to a legitimate governmental objective," courts "may infer" a punitive purpose. *Bell*, 441 U.S. at 539. Nevertheless, de minimis restrictions do not amount to punishment, no matter a defendant's intent. *See id.* at 539 & n.21 (defining "punishment" to include "arbitrary or purposeless" action but noting that there is "a *de minimis* level of imposition with which the Constitution is not concerned"); *Hamilton*, 74 F.3d at 106 (affirming dismissal of detainee's conditions of confinement claim, where he was subjected to a "*de minimis* level of imposition" such that the conditions did not amount to punishment). To establish a viable conditions of confinement claim, a detainee must demonstrate: "(1) a rule or restriction or . . . the existence of an identifiable intended condition or practice . . . or that the jail official's acts or



10

omissions were sufficiently extended or pervasive'; (2) which was not reasonably related to a legitimate governmental objective; and (3) which caused the violation of [the detainee's] constitutional rights." *Cadena v. El Paso Cnty.*, 946 F.3d 717, 727 (5th Cir. 2020) (brackets, internal quotation marks, and citation omitted).[7]

Rios generally complains about conditions at the Jail, but he pleads no supporting facts showing Defendants subjected him to *unlawful* conditions. *See* Questionnaire 7. Rios's vague and conclusory assertions are insufficient to implicate the Constitution. *See DeMarco v. Davis*, 914 F.3d 383, 386–87 (5th Cir. 2019) ("We do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." (quoting *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010))); *Sias v. Louisiana*, 146 F. App'x 719, 720 (5th Cir. 2005) (per curiam) (holding that vague and conclusory assertions provide an insufficient basis for § 1983 claims); *Thompson v. Fourth Jud. Dist. Ct., Ouachita Par.*, No. 3:12–cv–1645, 2012 WL 6600338, at *3 (W.D. La. Sept. 25, 2012) (explaining that "in order to be afforded the benefits of th[e] assumption [that plaintiff's factual allegations are true,] a civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations").[8] As such, the undersigned recommends the district judge dismiss his claim.

---

[7] Based on Rios's allegations, the Court construes his assertions as a conditions of confinement claim, rather than one based on an episodic act or omission. *See, e.g., Estate of Henson v. Wichita Cnty.*, 795 F.3d 456, 463 (5th Cir. 2015) (explaining that "[a]n episodic-acts-or-omissions claim . . . faults specific jail officials for their acts or omissions," while "[a] challenge to a condition of confinement is a challenge to general conditions, practices, rules, or restrictions of pretrial confinement" (internal quotation marks and citations omitted)). Regardless of the legal theory, however, Rios's claim is conclusory and should therefore be dismissed.

[8] To the extent Rios's questionnaire responses may be construed as raising First Amendment, "Fourth Amendment inside the Jail," involuntary servitude, or excessive bail claims, they fail for the same reason. Questionnaire 7. Any speedy trial claim is likewise without merit. *See Rayford v. Dall. Cnty. Sheriff's Dep't*, No. 3:14–CV–486–L, 2014 WL 1318447, at *2 (N.D. Tex. Mar. 28, 2014) (providing that a § 1983 plaintiff must first raise a speedy trial claim in the state trial court by filing a motion, "and then by petition for writ of mandamus in the Texas Court of Criminal Appeals" (citing *Chapman v. Evans*, 744 S.W.2d 133, 135–38 (Tex. Crim. App. 1988))); *see also Kimble v. Par. of Jefferson*, No. 21-409, 2021 WL 6618459, at *9 (E.D. La. Nov. 3, 2021) ("[W]hen a detainee like [plaintiff] seeks 'to enforce the state's obligation to bring him promptly to trial,' that relief is available only through habeas corpus proceedings." (quoting *Brown v. Estelle*, 530 F.2d 1280, 1280, 1283 (5th Cir. 1976))), *R. & R. adopted by* 2022 WL 185197 (E.D. La. Jan. 20, 2022), *aff'd*, 2023 WL 1793876 (5th Cir. Feb. 7, 2023).



### III.    Recommendation

For these reasons, the undersigned recommends that the United States District Judge dismiss with prejudice Rios's following claims—those: (1) for unconstitutional conditions of confinement; (2) against the LCSO; (3) against the State of Texas; (4) requesting exoneration; and (5) asserted under criminal statutes and that seek prosecution of Defendants. As to Rios's claims for false arrest, unlawful detention, and conspiracy against Defendants Officer Rocha, Officer White, Sheriff Mason, Officer Harrison, Officer Portillo, Lt. Alvarez, Officer Vasquez, Officer Barrientez, and Officer Alvarez, the undersigned recommends that the district judge stay them pending resolution of Rios's state criminal charges. The undersigned recommends that the district judge direct the Clerk of Court to close this action for administrative purposes and require Rios to file a motion to reopen the case within sixty days of the date that the state criminal proceedings are no longer pending.

### IV.    Right to Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district



court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d

1415, 1417 (5th Cir. 1996).

Dated: September 29, 2023.

**D. GORDON BRYANT, JR.**
**UNITED STATES MAGISTRATE JUDGE**



13

MIME-Version:1.0
From:ecf_txnd@txnd.uscourts.gov
To:Courtmail@localhost.localdomain

Message-Id:<15060579@txnd.uscourts.gov>
Subject:Activity in Case 5:22-cv-00266-BQ Rios v. State of Texas et al Findings
and Recommendations
Content-Type: text/plain
This is an automatic e-mail message generated by the CM/ECF system.
Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States
policy permits attorneys of record and parties in a case (including pro se
litigants) to receive one free electronic copy of all documents filed electronic
ally, if
receipt is required by law or directed by the filer. PACER access fees apply
to all other users. To avoid later charges, download a copy of each document
during this first viewing. However, if the referenced document is a transcript,
the free copy and 30 page limit do not apply.

U.S. District Court
Northern District of Texas

Notice of Electronic Filing
The following transaction was entered on 9/29/2023 11:50 AM CDT and filed
on 9/29/2023

Case Name: Rios v. State of Texas et
al
Case Number: 5:22-cv-00266-BQ
https://ecf.txnd.uscourts.gov/cgi-bin/DktRpt.pl?368662

Filer:


Document Number: 35


Copy the URL address from the line below into the location bar
of your Web browser to view the document:
https://ecf.txnd.uscourts.gov/doc1/177116312415?caseid=368662&de_seq_num=119&mag
ic_num=MAGIC


Docket Text:
REPORT AND RECOMMENDATION re: [1]
Complaint filed by John Gabriel Rios. The undersigned recommends that the
United States District Judge dismiss with prejudice Rios's following
claims: for unconstitutional conditions of confinement; against the LCSO;
against the State of Texas; requesting exoneration; and asserted under criminal
statutes and that seek prosecution of Defendants. As to Rios's claims
for false arrest, unlawful detention, and conspiracy against Defendants
Officer Rocha, Officer White, Sheriff Mason, Officer Harrison, Officer Portillo,


Lt. Alvarez, Officer Vasquez, Officer Barrientez, and Officer Alvarez, the
undersigned recommends that the district judge stay them pending resolution
of Rios's state criminal charges. The undersigned recommends that
the district judge direct the Clerk of Court to close this action for
administrative

purposes and require Rios to file a motion to reopen the case within sixty days of the date that the state criminal proceedings are no longer pending. (Ordered by Magistrate Judge D. Gordon Bryant, Jr on 9/29/2023) (bdg)


5:22-cv-00266-BQ Notice has been electronically mailed to:


5:22-cv-00266-BQ Notice required by federal rule will be delivered by other means (as detailed in the Clerk's records for orders/judgments) to:

John Gabriel Rios
# 11061
Lynn County Jail
810 Lockwood Street
Tahoka, TX 79373



The following document(s) are associated with this transaction:
Document description: Main Document
Original filename: n/a
Electronic document Stamp:
[STAMP dcecfStamp_ID=1004035775 [Date=9/29/2023] [FileNumber=15060578-0]
[2b0a4b2e42fa52b99e1af79cfc8966300b2b9bd28355d69d01ff1c77c893b5f324a5295e3b8a25d
83126dc97e6b911095298a62effe5ef6396f16fc226907745]]



John Gabriel Rios #171092
Lubbock County Detention Center
PO Box 10535
Lubbock, TX 79408

-------------------------------------------------------

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

JOHN GABRIEL RIOS,                          §
Institutional ID No. 171092                 §
                                            §
                          Plaintiff,        §
                                            §
v.                                          §     CIVIL ACTION NO. 5:22-CV-00266-C
                                            §
STATE OF TEXAS, *et al.*,                   §
                                            §
                          Defendants.       §

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The United States Magistrate Judge entered a Report and Recommendation that the Court

dismiss with prejudice Plaintiff's claims for unconstitutional conditions of confinement, claims

asserted under criminal statutes or seeking criminal prosecution of defendants, requests for

exoneration, and claims against the Lubbock County Sheriff's Office and the State of Texas.

Additionally, the Magistrate Judge recommended that the Court stay Plaintiff's claims for false

arrest, unlawful detention, and conspiracy against Defendants Officer Rocha, Officer White,

Sheriff Mason, Officer Harrison, Officer Portillo, Lt. Alvarez, Officer Vasquez, Officer

Barrientez, and Officer Alvarez until his related, pending criminal charge or charges are

resolved. Plaintiff filed objections.

The District Court made an independent examination of the record in this case and

conducted a de novo review of the relevant portions of the Magistrate Judge's Report and

Recommendation. Plaintiff's objections are **OVERRULED**,[1] and the Court **ACCEPTS** and

---

[1] Most of Plaintiff's objections are either restatements of arguments made in his amended complaint (as
supplemented by his responses to the Magistrate Judge's questionnaire and supplemental questionnaire), arguments
thoroughly addressed by the FCR, or conclusory statements insisting that his claims have merit. Although Plaintiff

**ADOPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate

Judge.

It is therefore **ORDERED**:

1.    Plaintiff's claims against the Lubbock County Sheriff's Office and the State of
       Texas are **DISMISSED** with prejudice as frivolous and for failure to state a
       claim.

2.    Plaintiff's claims seeking exoneration or dismissal of pending criminal charges
       and his claims seeking criminal prosecution or enforcement of criminal statutes
       are **DISMISSED** with prejudice as frivolous and for failure to state a claim.

3.    Plaintiff's claims for unconstitutional conditions of confinement are **DISMISSED**
       with prejudice for failure to state a claim.

4.    There is no just reason for delay in entering a final judgment and final judgment
       shall be entered as to the above-named Defendants and claims pursuant to Federal
       Rule of Civil Procedure 54(b).  Final Judgment will be entered accordingly.

Plaintiff's remaining claims for false arrest, unlawful detention, and conspiracy against

Defendants Officer Rocha, Officer White, Sheriff Mason, Officer Harrison, Officer Portillo, Lt.

Alvarez, Officer Vasquez, Officer Barrientez, and Officer Alvarez are **STAYED** pending the

resolution of Plaintiff's pending, related criminal proceedings.  The Clerk is directed to

administratively close this case.  If Plaintiff wishes to pursue these claims, he must file a motion

to reopen this case within 60 days from the conclusion of the state criminal proceedings.

Dated December _18_, 2023.

SAM R. CUMMINGS
Senior United States District Judge

---

argues that some of his criminal charges have been resolved, he admits that at least one charge stemming from the
relevant arrest remains pending.  Thus, his objections do not alter the Magistrate Judge's analysis.



MIME-Version:1.0
From:ecf_txnd@txnd.uscourts.gov
To:Courtmail@localhost.localdomain

Message-Id:<15217975@txnd.uscourts.gov>
Subject:Activity in Case 5:22-cv-00266-C Rios v. State of Texas et al Order
Accepting/Adopting Findings and Recommendations
Content-Type: text/plain
This is an automatic e-mail message generated by the CM/ECF system.
Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** There is no charge for viewing opinions.

U.S. District Court
Northern District of Texas

Notice of Electronic Filing
The following transaction was entered on 12/18/2023 1:50 PM CST and filed
on 12/18/2023

Case Name: Rios v. State of Texas et
al
Case Number: 5:22-cv-00266-C
https://ecf.txnd.uscourts.gov/cgi-bin/DktRpt.pl?368662

Filer:


Document Number: 40


Copy the URL address from the line below into the location bar
of your Web browser to view the document:
https://ecf.txnd.uscourts.gov/doc1/177116485574?caseid=368662&de_seq_num=134&mag
ic_num=MAGIC



Docket Text:
Order Adopting Report and Recommendation
of the United States Magistrate Judge: re: [35] Findings and Recommendations
on re: [1] Complaint filed by John Gabriel Rios. It is ORDERED: Plaintiff's
claims against the Lubbock County Sheriffs Office and the State of Texas
are DISMISSED with prejudice as frivolous and for failure to state a claim.
Plaintiff's claims seeking exoneration or dismissal of pending criminal
charges and his claims seeking criminal prosecution or enforcement of criminal
statutes are DISMISSED with prejudice as frivolous and for failure to state
a claim. Plaintiff's claims for unconstitutional conditions of confinement
are DISMISSED with prejudice for failure to state a claim. Plaintiff's
remaining claims for false arrest, unlawful detention, and conspiracy against
Defendants Officer Rocha, Officer White, Sheriff Mason, Officer Harrison,
Officer Portillo, Lt. Alvarez, Officer Vasquez, Officer Barrientez, and
Officer Alvarez are STAYED pending the resolution of Plaintiff's pending,
related criminal proceedings. The Clerk is directed to administratively
close this case. (Ordered by Senior Judge Sam R Cummings on 12/18/2023)
(bdg)


5:22-cv-00266-C Notice has been electronically mailed to:



5:22-cv-00266-C Notice required by federal rule will be delivered by other means (as detailed in the Clerk's records for orders/judgments) to:

John Gabriel Rios
#171092
Lubbock County Detention Center
PO Box 10535
Lubbock, TX 79408


The following document(s) are associated with this transaction:
Document description: Main Document
Original filename: n/a
Electronic document Stamp:
[STAMP dcecfStamp_ID=1004035775 [Date=12/18/2023] [FileNumber=15217974-0]
[5e41ed2116a0574f6185d3816ccce0e6d1174d148a86801947558d47d713335c5dbb114afd99e5f
16685268df3708750930072e2beb6769d10de6b22c4fa38f8]]

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION**

| | |
|---|---|
| JOHN GABRIEL RIOS,<br>Institutional ID No. 171092<br><br>Plaintiff,<br><br>v.<br><br>STATE OF TEXAS, *et al.*,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

CIVIL ACTION NO. 5:22-CV-00266-C

## JUDGMENT

The Court has entered its Order Accepting the Report and Recommendation of the United States Magistrate Judge in this case. For the reasons stated in the Report and Recommendation, and the Court having found that there is no just reason for delay in entering a final judgment and final judgment should be entered pursuant to Federal Rule of Civil Procedure 54(b),

It is therefore ORDERED, ADJUDGED, AND DECREED that

1. Plaintiff's claims against the Lubbock County Sheriff's Office and the State of Texas are dismissed with prejudice as frivolous and for failure to state a claim;

2. Plaintiff's claims seeking exoneration or dismissal of pending criminal charges and his claims seeking criminal prosecution or enforcement of criminal statutes are dismissed with prejudice as frivolous and for failure to state a claim; and

3. Plaintiff's claims for unconstitutional conditions of confinement are dismissed with prejudice for failure to state a claim.

This judgment shall be a final judgment as to all claims and Defendants set forth above pursuant to Federal Rule of Civil Procedure 54(b).

Dated December 18, 2023.

SAM R. CUMMINGS
Senior United States District Judge

MIME-Version:1.0
From:ecf_txnd@txnd.uscourts.gov
To:Courtmail@localhost.localdomain

Message-Id:<15217992@txnd.uscourts.gov>
Subject:Activity in Case 5:22-cv-00266-C Rios v. State of Texas et al Judgment
Content-Type: text/plain
This is an automatic e-mail message generated by the CM/ECF system.
Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States
policy permits attorneys of record and parties in a case (including pro se
litigants) to receive one free electronic copy of all documents filed electronic
ally, if
receipt is required by law or directed by the filer. PACER access fees apply
to all other users. To avoid later charges, download a copy of each document
during this first viewing. However, if the referenced document is a transcript,
the free copy and 30 page limit do not apply.

U.S. District Court
Northern District of Texas

Notice of Electronic Filing
The following transaction was entered on 12/18/2023 1:54 PM CST and filed
on 12/18/2023

Case Name: Rios v. State of Texas et
al
Case Number: 5:22-cv-00266-C
https://ecf.txnd.uscourts.gov/cgi-bin/DktRpt.pl?368662

Filer:

WARNING: CASE CLOSED on 12/18/2023

Document Number: 41


Copy the URL address from the line below into the location bar
of your Web browser to view the document:
https://ecf.txnd.uscourts.gov/doc1/177116485592?caseid=368662&de_seq_num=137&mag
ic_num=MAGIC


Docket Text:
JUDGMENT: It is therefore ORDERED, ADJUDGED,
AND DECREED that Plaintiff's claims against the Lubbock County Sheriff
s Office and the State of Texas are dismissed with prejudice as frivolous
and for failure to state a claim; Plaintiff's claims seeking exoneration
or dismissal of pending criminal charges and his claims seeking criminal
prosecution or enforcement of criminal statutes are dismissed with prejudice
as frivolous and for failure to state a claim; and Plaintiff's claims
for unconstitutional conditions of confinement are dismissed with prejudice
for failure to state a claim. This judgment shall be a final judgment as
to all claims and Defendants set forth above pursuant to Federal Rule of
Civil Procedure 54(b). (Ordered by Senior Judge Sam R Cummings
on 12/18/2023) (bdg)


5:22-cv-00266-C Notice has been electronically mailed to:



5:22-cv-00266-C Notice required by federal rule will be delivered by other means (as detailed in the Clerk's records for orders/judgments) to:

John Gabriel Rios
#171092
Lubbock County Detention Center
PO Box 10535
Lubbock, TX 79408


The following document(s) are associated with this transaction:
Document description: Main Document
Original filename: n/a
Electronic document Stamp:
[STAMP dcecfStamp_ID=1004035775 [Date=12/18/2023] [FileNumber=15217991-0]
[bb519153e64552e2e4e821a5f37485106a48da6aa8ffe8f80bac45f72bf3318658d64f1adcd2aeb
4083c4edbccf8194e9bfe0d5bd3a2fd4fe0544588eee8a67d]]

C. Has any court ever warned or notified you that sanctions could be imposed? _____YES ____NO

D. If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

   1. Court that issued warning (if federal, give the district and division):_____

   2. Case number:_____

   3. Approximate date warning was issued:_____

Executed on: _1/1/2024_ _11:30 P.M._
       DATE

                         _John Gabriel Rios_

                         (Signature of Plaintiff)

## PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.

2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.

3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.

4. I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.

5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this _FIRST_ day of _JANUARY_, 20 _24_.
       (Day)          (month)        (year)

           _11:30 P.M._

                         _John Gabriel Rios_

                        (Signature of Plaintiff)

**WARNING: Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.**



Name: Rios John
S.O.#: 171082
Lubbock County Jail
P.O. Box 10535
Lubbock, TX 79408-3535

8C
103

RETURN SERVICE
REQUESTED

FIRST CLASS

US POSTAGE PITNEY BOWES

ZIP 79401   $ 005.40⁰
02 4W
0000386595 JAN 03 2024

LEGAL MAIL ONLY

RECEIVED
JAN - 5 2024
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

United States District Court
Northern District of Texas
office of the Clerk
1205 Texas Avenue, Room 209
Lubbock, TX 79401

INDIGENT

Pas 1-34/un